IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**STEVEN B. MICHAELS, LLC**                                                          **PLAINTIFF**

**VS.**                                              **CAUSE NO. 3:24-cv-373-MPM-RP**

**RUSTIC RESERVE, LLC,**
**JERRY BRUCE LIVINGSTON AND**
**AUSTIN SHAFER**                                         **DEFENDANTS**

**ORDER**

Defendants Rustic Reserve, LLC, Jerry Bruce Livingston and Austin Shafer have filed a motion to set aside the default judgment which was previously entered against them. Plaintiff Steven B. Michaels, LLC has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

On March 11, 2025, this court entered default judgment in favor of plaintiff in the amount of $ 83,000.00 in compensatory damages and $10,570.00 in attorneys' fees and costs, for a total of $93,570.00. [Docket entry 12]. Less than a month later, defendants hired counsel who entered an appearance on their behalf and filed the instant motion to set aside the default judgment. [Docket entry 13, 15]. It is well settled that this court may set aside an entry of default for good cause, but once a default judgment is entered, the judgment may only be set aside under Rule 60(b). Fed. R. Civ. P. 55(c). Rule 60(b) states:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

1

>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"The decision [of whether] to set aside a judgment of default is within the sound discretion of the district court." *Trimark Northside, LLC v. CW Developments, Inc.*, 2024 WL 4778051 at *1 (N.D. Miss., Nov. 13, 2024) (citation omitted). Rule 60(b) is a "remedial provision intended to prevent injustice by allowing parties their day in court even though some technical error has occurred which would otherwise be grounds for default." *Greater Baton Rouge Golf Ass'n v. Recreation and Park Comm'n*, 507 F.2d 227, 228 (5th Cir. 1975). "Thus, 'where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). The Fifth Circuit has held that Rule 60(b) "should be liberally constructed to do substantial justice." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). The Fifth Circuit in *Seven Elves* stated:

>What is meant by this general statement is that, although the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause.

*Seven Elves*, 635 F.2d at 401.

The Fifth Circuit's preference for deciding cases on their merits matches this court's own general inclination, and it therefore finds itself receptive to defendants' argument that:

>Default judgments are a disfavored and drastic remedy, meant only for the truly derelict. The Fifth Circuit has made clear that courts must lean toward decisions on the merits, and that Rule 60(b) is to be applied with special liberality in the default context. This case

> presents not only a compelling excuse for the brief delay in answering, but strong, meritorious defenses that, if considered, will show the Plaintiff's claims are overstated and misdirected—particularly as to the individual defendants.
> Here, a judgment in excess of $90,000 has been entered against defendants who never had the chance to be heard—despite good-faith efforts to respond, despite clear evidence that they sought legal representation, and despite the fact that the Plaintiff knew Defendants intended to defend this case. This is not justice. It is a procedural ambush, and the Federal Rules of Civil Procedure were never designed to be used as a sword in this way.
> Defendants did not sit on their rights. They communicated with Plaintiff's counsel, contacted multiple attorneys, and—upon learning of the default judgment—acted immediately to secure representation and file this motion. There is no pattern of delay, no willful disregard, no gamesmanship. The only thing missing here was an opportunity to be heard.
> The equities here are not close. The injustice of allowing this judgment to stand outweighs any slight procedural delay. The Plaintiff will suffer no prejudice from being required to prove its case, and the Defendants—who have never had their day in court— deserve the chance to present their defenses. The Court should set aside the default judgment and allow this case to be resolved on its merits, as justice demands.

[Brief at 1-2].

In response, plaintiff notes that, in an earlier case, this court declined to exercise its discretion to set aside a default judgment where a defendant made similar arguments that it had been unable to secure counsel. *Trimark Northside, LLC v. CW Developments, Inc.*, 2024 WL 4778051 at *1 (N.D. Miss., Nov. 13, 2024). This court notes that, in *Trimark*, the complaint was filed on November 17, 2023, and defendant represented in its briefing that "defendants tried to obtain counsel to represent them but were unable to do so until the end of August, 2024." [Docket entry 37 at 3, 3:23-CV-00440]. This struck this court as being a quite lengthy period for a defendant to claim an inability to secure counsel, which factored into its decision not to set aside the default judgment. In this case, by contrast, the complaint was filed on December 6, 2024, and defendants managed to retain counsel on April 8, 2025. [Docket at 1, 14]. Thus, defendants in this case managed to obtain counsel in approximately half the time that the defendant in *Trimark* was able to do.

Moreover, in deciding whether to exercise its discretion to set aside default, this court is impressed by defendants' apparent sincerity in explaining their failure to timely answer and in professing their desire to defend this case on its merits. In this vein, this court notes that defendants have attached a February 7, 2025 email to counsel for plaintiff in which defendant Livingston clearly stated "this is Bruce Livingston I will reply to your lawsuit." [Docket entry 15, exhibit A]. This court finds this to be a powerful piece of evidence in defendants' favor on this issue, and it illustrates that each case is unique and that few hard and fast rules apply in deciding whether a court should exercise its discretion to set aside a default judgment. This court therefore declines to find that defendants' failure to timely answer was "willful" within the meaning of the Mississippi district court authority relied upon by plaintiff, *see, e.g. Roberts v. KJ Win, Inc.*, 2025 WL 1107836 at *3 (S.D. Miss., April 14, 2025), and it concludes that their failure to timely respond should be regarded as the result of "excusable neglect" within the meaning of Rule 60. This court is further persuaded by defendants' argument that they might, at least potentially, have meritorious defenses in this case and that plaintiff would not be unduly prejudiced by setting aside the default judgment. [Reply brief at 7-8].

As a final point, this court notes that, in his briefing, plaintiff appears to suggest that particularly stringent standards apply in this context in Mississippi district courts, but it should be clear that the truly binding authority in this context is that issued by the Fifth Circuit. Once again, that court has held that, in deciding whether to set aside a default judgment, "any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.'" *Lacy*, 227 F.3d at 292. For the reasons stated above, this court believes that there is very substantial doubt with respect to plaintiff's arguments that a willful and inexcusable

4

default occurred in this case, and it concludes that defendants' motion to set aside the default judgment is well taken and should be granted.

It is therefore ordered that defendants' motion to set aside the default judgment against them is granted. Defendants' motion for an extension of time [23-1] is dismissed as moot.

So ordered, this, the 4th day of February, 2026.

/s/Michael P. Mills<br>
UNITED STATES DISTRICT JUDGE<br>
NORTHERN DISTRICT OF MISSISSIPPI